## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

Dona Petrone,                                    )
                                                 )
        Plaintiff,                     )
                                                 )          Civil Action No. 9:25-9622-RMG
    v.                                   )
                                                 )
Frank Bisignano, Commissioner of Social          )
Security,                                        )          **ORDER**
                                                 )
        Defendant.                     )
_____ )

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on July 29, 2026, recommending that the Commissioner's decision be reversed and remanded for further proceedings. (Dkt. No. 18). The Commissioner filed no objections to the R & R.

### Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social

-1-

Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

The Commissioner, in passing upon an application for disability benefits, is required to undertake a five-step sequential process. At Step One, the Commissioner must determine whether the claimant is engaged in substantial gainful work. If the claimant is not engaged in substantial gainful employment, the Commissioner proceeds to Step Two, which involves a determination whether the claimant has a "severe medically determinable physical or mental impairment." If the claimant has one or more severe impairments, the Commissioner proceeds to Step Three, which involves a determination whether any impairment satisfies one of the designated list of impairments that would automatically render the claimant disabled. Where a claimant does not satisfy one of the listed disabling impairments, the Commissioner must proceed to Step Four, which involves a determination of the claimant's RFC. Once the RFC is determined, the Commissioner proceeds to

Step Five to determine if jobs exist in significant numbers in the national economy that the claimant can perform in light of her RFC. 20 C.F.R. § 404.1520(a)(4). The claimant carries the burden of establishing the requirements of Steps One through Step Four, but at Step Five the burden shifts to the Commissioner. If the Commissioner fails to carry his burden at Step Five, the claimant is entitled to a finding of disability as a matter of law. *Pearson v. Colvin*, 810 F.3d 204, 209-10 (4th Cir. 2015); *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

### Discussion

Plaintiff, then 57 years old, suffered a serious stroke in February 2021, which she asserts has affected her physically and mentally. She applied for Disability Insurance Benefits on April 2, 2021, indicating an onset date of her disability with her stroke on February 19, 2021. (Dkt. No. 12-5 at 5). Plaintiff has not worked since the date of her stroke.

The Administrative Law Judge ("ALJ") conducted a telephonic administrative hearing on May 14, 2024. The ALJ found that Plaintiff suffered from two severe impairments, cardiovascular accident and shoulder pain, and found that she retained the Residual Functional Capacity ("RFC") to perform less than the full scope of light work. In reaching that conclusion, the ALJ found the opinions of two chart reviewers, Timothy Laskis, Ph.D., and Edward Waller, Ph.D., to be "persuasive." (Dkt. No. 12-2 at 25). The ALJ noted that both Laskis and Waller had found that Plaintiff suffered from "mild limitations in her ability to understand, remember, and apply information and concentrate, persist and maintain pace." (*Id*. at 12-2 at 25; Dkt. No. 12-3 at 8, 17). The ALJ stated that based on these findings of Laskis and Weller, he "incorporated the same into claimant's residual functional capacity . . . by limiting her to unskilled tasks." (Dkt. No. 12-2 at 26). He further found "persuasive" the opinions of a consulting examining evaluator, Douglas R. Ritz,

Ph.D, who found that Plaintiff "clearly had the capability to function in at least an unskilled , if not a skilled work setting." (*Id*. at 25).[1]

Despite these findings and the statement that he intended to limit Plaintiff's RFC to "unskilled tasks," the RFC contains no such limitation. (*Id*. at 21-22). Compounding this error, the ALJ found that Plaintiff could perform her past relevant work as a Policy and Information Clerk, DOT # 249.262-010, which has a Specific Vocational Preparation (SVP) of 6[2] and requires a DOT reasoning level of 4.[3] (*Id*. at 26). A job with a SVP of 6 requires skilled work. The ALJ identified no other job which Plaintiff was qualified to perform.

The Magistrate Judge recommended the reversal of the decision because of the internal inconsistency of the ALJ's decision. First, the ALJ stated that he would place in the RFC a limitation for "unskilled tasks," based upon the findings of Laskis and Waller. (*Id*.). The RFC contains no such limitation. Second, the only job the ALJ identified that Plaintiff could perform requires a skilled level of work. (Dkt. No. 18 at 12). The Magistrate Judge noted that the ALJ's

---

[1] Dr. Ritz' report appears to contain a typo. He stated that Plaintiff "clearly has the capabilities of functioning in at least an unskilled, is not a skilled work setting." (Dkt. No. 12-8 at 206) (emphasis added). The ALJ's insertion of the word "if" for "is" appears to capture Dr. Ritz' intent.

[2] SSR 00-04P, 2000 WL 1898704, (Dec. 2000) provides: "The DOT lists a specific vocational preparation (SVP) for each described occupation. . . . [U]nskilled work corresponds to an SVP of 1-2; semi-skilled work corresponds to an SVP of 3-4; and skilled work corresponds to an SVP of 5-9 in the DOT."

[3] A Level 4 job requires the employee to "[a]pply principals of rational systems to solve practical problems and deal with a variety of concrete variables in situations where only limited standardization exists. Interpret a variety of instructions furnished in written, oral, diagrammatic, or scheduled form. Examples of rational systems are: bookkeeping, internal combustion engines, electric wiring systems, house building, farm management, and navigation." Dictionary of Occupational Titles, Appendix C, Components of the Definition Trailer, 1991 WL 688702 (4th Ed. 1991).

finding that Plaintiff is capable of performing her past relevant work "is especially peculiar" when he stated that he "incorporated into Plaintiff's RFC skill limitations based on the persuasive findings of the psychological examiners, and when he noted that he limited Plaintiff to 'unskilled tasks' but found that Plaintiff was capable of performing her past, *skilled* work." (*Id*) (emphasis in the original).[4]

Based on the record before the Court, there is not substantial evidence to support a finding that Plaintiff is capable of performing her past relevant work. The ALJ stated that due to the opinions of Laskis and Weller, which he found "persuasive," he found it necessary to limit Plaintiff only to "unskilled tasks." (Dkt. No. 12-2 at 26). The ALJ also found the opinions of the consulting examiner, Dr. Ritz, "persuasive," which included the statement that Plaintiff "clearly had the capacity to function in at least an unskilled, if not a skilled work setting." (*Id.* at 25).

However, the only job the ALJ found Plaintiff qualified to perform, as a Policy and Information Clerk, is a skilled level position. Since the record establishes that Plaintiff is not qualified to perform a skilled level position, the Commissioner has failed to carry his burden at Step Five to show that jobs exist in significant numbers in the national economy that the Plaintiff can perform. 20 C.F.R. § 404.1520(a)(4). It is well settled that if the Commissioner fails to carry his burden at Step Five, the claimant is entitled to a finding of disability as a matter of law. *Pearson v. Colvin*, 810 F.3d 204, 209-10 (4th Cir. 2015); *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

## Remedy

The only remaining issue is whether the Court should send this matter back to the agency

---

[4] The Magistrate Judge suggested that the explanation for the inconsistency in the ALJ's opinion was that if the ALJ had limited Plaintiff to unskilled tasks, as he stated, she would have been deem disabled under the Social Security Act. (Dkt. No. 18 at 13-14).

for for further administrative processing or remand the case with an order to award benefits.  The Court's general practice is to remand to the agency for further proceedings, but it is well settled that the Court has the authority to award benefits. 42 U.S.C. § 405(g).  An award of benefits by a district court is appropriate where, as here, the record is fully developed and it is clear that with the application of proper legal standards the Commissioner would be required to award benefits on remand. *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004); *Holohan v. Massanairi*, 246 F.3d 1195, 1210 (9th Cir. 2001);  *Brown v. Kijakazi*, 2021 WL 5276031 at *2 (D.S.C. 2021).   An award of benefits is particularly appropriate under these facts where there has been a significant lapse of time in the administrative processing of the claim.  *Podedworny v. Harris*, 745 F.2d 210, 223 (3d Cir. 1984).  The application for benefits was first filed on April 2, 2021 with an onset date of February 19, 2021.  (Dkt. No. 12-2 at 17, 19). After more than five years of administrative processing,  the time to award benefits has now arrived.

## Conclusion

Based on the foregoing, the Court **ADOPTS** all of the R & R of the Magistrate Judge (Dkt. No. 18) as the Order of the Court, with the exception for the remedy; **REVERSES**  the decision of the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g), and **REMANDS** the matter to the agency with instructions to **AWARD BENEFITS** from Plaintiff's onset date of February 19, 2021.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
August 13, 2026